UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

EDWARD G. RUBINSKI,

DEBTOR.

CHAPTER 13
CASE NO. 05-16818-WCH

MEMORANDUM OF DECISION

I. **Introduction**

The matter before me is the objection by Edward G. Rubinski ("Debtor") to claim number 4 ("Claim 4") of the Massachusetts Department of Revenue Child Support Enforcement Division ("MDOR/CSE").[1] The Objection essentially challenges the amount of Claim 4, with a twist: the Debtor also alleges that confirmation of the Debtor's Chapter 13 plan is res judicata as to the dischargeability of the claims of the MDOR/CSE. For the reasons stated below, I will enter an order overruling the Objection.

II. **Background**

The facts are straightforward and undisputed. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on July 30, 2005. The MDOR/CSE timely filed two proofs of claim on behalf of two different custodial parents on October 6, 2005.[2] Claim 4 specified other

---

[1] *See* Objection to Proof of Claim of Massachusetts Department of Revenue Child Support Enforcement Division Dated October 6, 2005 ("Objection").

[2] Claim number 3, which has not been objected to, specified unsecured amounts for child support arrearages in the amount of $41,319.78.

1

amounts the Debtor allegedly owed for child support arrearages in a total amount of $45,267.50, with a breakdown into an unsecured portion of $22,343.64 and priority portion of $22,923.86.

The Debtor's plan that I confirmed on June 20, 2006 (the "Plan"),[3] provides that the Debtor will make 59 monthly payments of $400.00 beginning October 1, 2005, and a final lump sum payment of $75,350.00, for payments totaling $98,950.00. The Plan promises a minimum dividend of 51% to general unsecured creditors.[4] With respect to priority claims, including those of the MDOR/CSE,[5] the Plan contains the following language:

> II. <u>PRIORITY CLAIMS</u>
>
> | Creditor | Description of claim | Amount of claim |
> |---|---|---|
> | Commonwealth of MA<br>Child Support Enforcement Div.<br>P.O. Box 7057<br>Boston, MA 02204 | child support arrears | $20,000.00 |
>
> Total of priority claims to be paid through the Plan: $20,000.00 [1]
>
> *Notwithstanding the amounts stated above, the amount paid shall be based on a timely Proof of Claim filed by the creditor. If none is filed, no payments shall be made to that creditor and the debt shall be deemed discharged.*

The Debtor is unsure as to whether the amount owed to the Department of

---

[3] I entered orders correcting the confirmation order on July 5, 2006 and August 4, 2006.

[4] As provided for in the Plan, the dividend to general unsecured creditors may change based upon differing claimed priority amounts. Debtor's counsel stated at the hearing on August 17, 2006 that because the MDOR/CSE amended Claim 4 to remove the priority portion, the Debtor will amend his plan to put these funds back into the amounts available for general unsecured creditors, thus increasing the dividend accordingly.

[5] The Massachusetts Department of Revenue ("MDOR") and the Internal Revenue Service are listed in Schedule E of the Debtor's petition as priority creditors for "income tax" in "unknown" amounts. The Plan, however, only makes reference to priority amounts purportedly owed the Child Support Enforcement Division of the MDOR. I do not address any potential claims by the MDOR or other taxing authorities for income taxes at this time.

2

Revenue is due to the Department of Revenue as a collection agent or as a result of expenditures made by the Commonwealth of Massachusetts. The Debtor will determine, after examining the Proofs of Claim, what priority status said claims may have and will object accordingly.

. . .

[1]    The Debtor has received various accountings of amounts that are alleged as owing to the child enforcement division of the Massachusetts Department of Revenue. If Proofs of Claim, as filed, are determined to be greater than twenty-thousand ($20,000.00) dollars, then the Debtor will need to amend this Chapter 13 Plan at which time the dividend payable to general unsecured creditors may change. In no event will the Child Support Division be paid, as a priority claim, an amount greater than twenty-thousand ($20,000.00) dollars as a priority claim under the terms of this Plan.[6]

The Debtor filed the Objection on April 11, 2006 alleging, *inter alia*, that Claim 4 included portions already satisfied by an agreement for judgment from Christine Rubinski, the Debtor's former spouse. The MDOR/CSE responded that it was willing to make any necessary adjustments to the Debtor's account, although it disputed the authority of Ms. Rubinski to waive penalties that may be owed to the Commonwealth. The MDOR/CSE, apparently in response to the Objection, subsequently amended Claim 4 by claim number 11 ("Claim 11") on June 27, 2006 to reduce the total claim to an unsecured amount of $15,112.07 only, with no priority portion.[7]

The parties, however, through their briefs and at oral argument on August 17, 2006, raise an additional issue. The parties take opposing positions as to whether the Plan will accomplish a discharge of any balance of amounts not paid to the MDOR/CSE pursuant to the Plan for its

---

[6]*See* Plan, p. 2 (emphasis added).

[7]While Claim 11 does not reference which claim it is amending, the MDOR/CSE indicates that it amended Claim 4 in its Supplemental Response to Objection to Proof of Claim ("Supplemental Response"). *See* Supplemental Response, ¶3.

3

claims. The MDOR/CSE, citing *In re Foster*, 292 B.R. 221, 225 n.3 (Bankr. M.D. Fla. 2003), alleges that 11 U.S.C. § 1328 excepts the remaining child support arrears from discharge. The Debtor, alternatively, argues that since the MDOR/CSE did not object to the Plan prior to its confirmation, the MDOR/CSE is now estopped from pursuing its claim of nondischargeability pursuant to the doctrine of res judicata, relying upon *In re Burrell*, __ B.R. __, 2006 WL 1980196 (B.A.P. 1st Cir. July 17, 2006).

### III. Analysis

1. *The amount of the MDOR/CSE's claim*

The Plan sets forth the amount and number of payments the Debtor is to make to the Chapter 13 Standing Trustee, as well as the minimum dividend to be paid to creditors. Additionally, the Plan clearly provides for payment of the MDOR/CSE claims by identifying it as a potential priority creditor. Even though the MDOR/CSE amended Claim 4 to a general unsecured claim,[8] the MDOR/CSE is still entitled to payment for this claim according to the terms of the Plan along with other general unsecured claims. The Plan is clear and unambiguous in providing for payment to unsecured creditors. They are to receive a minimum dividend of 51%, and this dividend will now be increased due to the absence of priority claims.

"A claim or interest . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Subsequent to the Objection, the MDOR/CSE amended its claim. Claim 11 substantially reduces the amounts claimed owed, and reclassifies the claim from a priority to an unsecured claim. As the Debtor's Objection only brought issue with the total *amount* of Claim 4,

---

[8] No objection has been made to the amended claim, Claim 11.

4

the fact of the amended claim and lack of objection thereto leads me to conclude that the Objection has been resolved with respect to the amount of the claim. Therefore, I will overrule the Objection as it relates to the amount of the claim.

2.  *The dischargeability of the MDOR/CSE's claims*

The parties have raised the additional issue as to whether the Plan will discharge any balances of amounts the Debtor owes to the MDOR/CSE not paid pursuant to the Plan. To establish res judicata, a party must prove three elements: "(1) a final judgment on the merits in an earlier proceeding; (2) sufficient identicality between the causes of action asserted in the earlier and later suits; and (3) sufficient identicality between the parties in the two actions." *Gonzales-Pina v. Rodriguez*, 407 F.3d 425, 429 (1st Cir. 2005). According to 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327; *Doral Mortgage Corp. v. Echevarria (In re Echevarria)*, 212 B.R. 185, 188 (B.A.P. 1st Cir. 1997). The Bankruptcy Appellate Panel for the First Circuit Court of Appeals has held that the failure of a party to object to or appeal a confirmation is res judicata and binding on a debtor and creditor. *Id.*; *Burrell*, 2006 WL 1980196, at *5 (citing *Andersen v. UNIPAC-NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999)).

In this case, while the confirmation order was entered as a final judgment on the merits, and both the Debtor and the MDOR/CSE were parties during the confirmation and present proceeding, the second element of res judicata is not satisfied: the issue with respect to the

5

dischargeability of the MDOR/CSE's claims was not adjudicated prior to confirmation. In other words, while the Debtor is now alleging that any unpaid balance on the claims of the MDOR/CSE will be dischargeable at the end of the Chapter 13 proceeding, the Plan made no such provision with respect to dischargeability and no such action has been initiated.[9]

In the *Burrell* case, the terms of the plan were not ambiguous with respect to its proposed treatment of a creditor's claim, where despite the creditor's secured status, the creditor's claim was provided for as a priority unsecured claim. 2006 WL 1980196, at *5. Where a plan is ambiguous with respect to its treatment of particular aspect of a creditor's claim, however, courts have found that res judicata does not necessarily apply. *See, e.g., Cen-Pen Corp. v. Hanson (In re Hanson)*, 58 F.3d 89, 93-4 (4th Cir. 1995) (finding boilerplate language in debtors' Chapter 13 plan not adequately specific to provide for claim). This has been found particularly to be the case where the proposed treatment of a claim in a Chapter 13 plan undercuts other provisions of the Bankruptcy Code and Rules. *See, e.g., In re Hanson*, 397 F.3d 482, 487 (7th Cir. 2005) (finding student loan not discharged by plan provision where creditor not put on notice or undue hardship not established by adversary proceeding); *Cen-Pen*, 58 F.3d at 92 (finding confirmation of debtors' plan did not automatically void the creditor's alleged liens); *Witaschek v. Sacramento County Bureau of Family Support (In re Witaschek)*, 276 B.R. 668, 679 (Bankr. N.D. Okla. 2002) (applying general rule that a confirmed plan's provisions are binding does not apply if the claim of the creditor is nondischargeable) (citing *Depaolo v. United States (In re DePaolo)*, 45 F.3d 373, 375 (10th Cir. 1995)).

---

[9]Rule 7001(6) of the Federal Rules of Bankruptcy Procedure provides that a proceeding to determine the dischargeability of a debt is an adversary proceeding. Fed. R. Bankr. 7001(6).

Case 05-16818    Doc 121    Filed 09/13/06    Entered 09/14/06 13:45:28    Desc Main
Document    Page 7 of 7

In this case, while the Plan clearly provides for what the MDOR/CSE will be paid, the amount that the MDOR/CSE will be paid is a different matter from any claim of dischargeability the Debtor may have with respect to amounts not paid on its claims pursuant to the completed Plan. With respect to dischargeability, the Plan merely states the following: "Notwithstanding the amounts stated above, the amount paid shall be based on a timely Proof of Claim filed by the creditor. If none is filed, no payments shall be made to that creditor and the debt shall be deemed discharged." As previously noted, the MDOR/CSE filed two timely proofs of claim, and as a result I conclude that this provision does not apply to the MDOR/CSE.[10] Because the Debtor cannot establish the second prong of the res judicata test, I will overrule the Objection based upon that ground.

IV. Conclusion

The MDOR/CSE amended Claim 4 with Claim 11 and the Debtor indicated no further objection to the amount of the amended claim. The Debtor also has not met his burden with respect to his res judicata argument. Accordingly, I will enter an order overruling the Objection.

William C. Hillman
United States Bankruptcy Judge

Dated: September 13, 2006

---

[10] The case to which the MDOR/CSE cited, *In re Foster*, concerned whether attorneys fees incurred fit into the category of claims protected from discharge under 11 U.S.C. § 523(a)(5). *Foster*, 292 B.R. at 222. It has not yet been established whether the claims of the MDOR/CSE in the instant proceeding fall into the same category.